# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**NELSON MICKENS,**

    **Petitioner,**

    v.

**RHONDA RICHARD, et al.,**

    **Respondents.**

**CASE NO. 2:17-CV-00539**
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Elizabeth Preston Deavers**

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a pro se petition for a writ of heabeas corpus under 28 U.S.C. § 2254. (ECF No. 1-2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears from the face of the petition in this case that Petitioner is not entitled to relief because his claims are not cognizable. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

Petitioner's motion to proceed in forma pauperis, ECF No. 1, is **DENIED** as moot.

## Facts and Procedural Background

Petitioner challenges his April 2008 conviction for rape after he was tried by a jury in the Court of Common Pleas for Franklin County, Ohio. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> Mickens was indicted for one count of vaginal rape and one count of anal rape on July 16, 2007, arising from a June 26, 2007 rape of an exotic dancer, whom Mickens had promised to pay in exchange for joining him at a bar for some drinks . . . . Mickens requested and (according to notices filed with the trial court) received discovery from plaintiff-appellee, State of Ohio, on three occasions. According to one of the notices, the discovery produced included: (1) Photo and Evidence Collection Log; (2) Evidence and Property Inventory; and (3) Lab Requests and Results.
>
> A jury convicted Mickens of vaginal rape and acquitted him of anal rape in April 2008 . . . . The trial court sentenced Mickens to ten years in prison for his conviction. Mickens timely appealed, and this Court affirmed his conviction on April 28, 2009 . . . .
>
> More than six years later, on July 14, 2015, Mickens filed a motion for leave to file a delayed motion for a new trial. In his motion for leave, Mickens alleged chain of custody and DNA report discrepancies and attached the reports in question, labeling them as Exhibits A through C2. In addition, Mickens alleged in his motion that he received these exhibits from the Ohio Innocence Project in 2014. However, apart from the unverified assertion in his motion, Mickens presented no evidence of when the evidence constituting the basis for the motion was discovered, nor did he attempt to explain any other reason why he might have been prevented from discovering them as a basis for a delayed motion for a new trial before July 2015, when he filed the motion. On September 24, 2015, the trial court denied the motion for leave and explained its reasoning as follows:
>
> [T]he Court is of the opinion that Defendant is not entitled to the leave he seeks. The Court finds that Defendant has not shown clear and convincing proof that he was unavoidably prevented from discovering the evidence upon which he relies to support his motion. Since this is so, Defendant does not satisfy the mandates of Crim. R. 33(B) and his motion is hereby DENIED . . . .
>
> . . . . Mickens now appeals.

> II. ASSIGNMENTS OF ERROR
> . . . Mickens assigns two alleged errors for our review:
>
> [1.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION IN REQUEST FOR A NEW TRIAL, WITHOUT ORDERING AN EVIDENTIARY HEARING, WHEN DEFENDANT DEMONSTRATED BY MORE THAN A PREPONDERANCE OF THE EVIDENCE THAT "BRADY" MATERIAL WAS WITHHELD PRIOR TO AND THROUGHOUT THE TRIAL.
>
> [2.] THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW TO THE DEFENDANT'S PREJUDICE BY DENYING DEFENDANT'S MOTION, AS DEFENDANT HAS MET THE BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE THAT HE IS ENTITLED TO A NEW TRIAL.

*State v. Mickens*, No. 15AP-961, 2016 WL 3522130, at *1–2 (Ohio June 28, 2016) (internal citations omitted). On June 28, 2016, the appellate court affirmed the trial court's decision to deny Petitioner's motion for leave to file a delayed motion for a new trial. Petitioner attempted to appeal that decision to the Ohio Supreme Court, but on December 28, 2016, that court declined to accept his appeal for review. *State v. Mickens,* No. 2016-1192, 147 Ohio St. 3d 1475 (Ohio 2016).

On June 21, 2017, Petitioner filed his petition for a writ of habeas corpus under § 2254. (ECF No. 1-2.) In it the petition, he asserts as grounds the same assignments of error that he raised in the appellate court— that the trial court erred by denying Petitioner's motion for a new trial (Ground Two), and that the trial court "abused its discretion" by making the decision to deny that motion without first ordering an evidentiary hearing (Ground One). (*Id*. at PAGEID # 7−8.) Petitioner further asserts that he was qualified for a new trial "[p]ursuant to Crim. R. 33(A)(6)." (*Id*. at PAGEID # 7.)

## Cognizability

Petitioner has not stated a cognizable ground for federal habeas relief. In this federal habeas case, the Court's review is limited to consideration of claims alleging a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a "perceived error of state law" fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *See id.*; *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In both of his grounds, Petitioner claims that the trial erred in its application of Ohio R. Crim. P. 33, or otherwise abused its discretion by denying his motion for a new trial. These allegations clearly concern perceived errors of state law, and thus they are not cognizable in a federal habeas action. *Cf. Pudelski v. Wilson*, 576 F.3d 595, 610-11 (6th Cir. 2009) (holding that the petitioner's claim that the "trial court abused its discretion and misapplied Ohio law when denying his motion for new trial based on newly discovered evidence" was "clearly premised on issues of state law," which are "not subject to habeas review); *Chamblin v. Warden, Chillicothe Corr. Inst.*, No. 1:15-CV-545, 2016 WL 8679076, at *12 (S.D. Ohio June 24, 2016), (Report and Recommendation) (finding that petitioner's claim that the state court erred under state law when ruling on his motion for a new trial was cognizable; claims predicated on alleged errors in state law cannot form the basis for federal habeas relief ), *adopted,* 2016 WL 4472770 (S.D. Ohio Aug. 25, 2016); *Rigdon v. Ohio Adult Parole Authority*, No. 1:08cv716, 2010 WL 3910236, at *11 (S.D. Ohio, July 7, 2010) (Report and Recommendation) (rejecting petitioner's claim that "the trial court erred in its application of Ohio R. Crim. P. 33 or otherwise abused its discretion

in denying his motion for new trial" because it involved "issues of state-law only which are not cognizable in this federal habeas proceeding"), *adopted*, 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010).

## Recommended Disposition

**WHEREUPON**, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

DATE: March 6, 2018    s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge